IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ADRIAN STROWDER,<br><br>    Plaintiff,<br><br>v.<br><br>DEAN'S WIRE FOR HIRE, LLC,<br>and SALADINE JOHNSON,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:20-CV-1054-MHC |

## ORDER

This case comes before the Court on Plaintiff Adrian Strowder ("Strowder")'s second Motion for Contempt [Doc. 31]. By Order dated November 2, 2020, this Court granted in part Plaintiff's Motion for Default Judgment and awarded Strowder a total of $5,523.84 in damages and $12,566.88 in attorney's fees against Defendants. Nov. 2, 2020, Order [Doc. 22]. On May 28, 2021, this Court granted Plaintiff's motion to compel Defendants to provide responses to post-judgment discovery requests for interrogatories and production of documents. May 28, 2021, Order [Doc. 28]; see also Pl.'s Mot. to Compel Post-Judgment Discovery [Doc. 27]. Strowder filed his initial Motion for Contempt [Doc. 29] ("Mot. for Contempt I") on June 25, 2021, indicating that Defendants failed to

Comply with this Court's Order of May 28, 2021. Mot. for Contempt I. This Court denied that motion without prejudice because there was no evidence that Defendants had received actual notice of the May 28 post-judgment Order on which Plaintiff's motion was based. Nov. 15, 2021, Order [Doc. 30].

On January 12, 2022, Strowder filed his second Motion for Contempt along with exhibits which indicate that (1) Defendants were sent copies of the Default Judgment, this Court's previous Orders, and Strowder's post-judgment discovery requests vis certified and regular mail; and (2) the same documents were served upon Defendant Saladine Johnson ("Johnson")'s "co-resident" at an address which this Court presumes to be Johnson's current residence. See Mar. 11, 2022, Order [Doc. 32] at 2-3; Letter from Mitchell D. Benjamin to Saladine Johnson and Dean's Wire for Hire, LLC (Nov. 30, 2011) [Doc. 31-1]; Aff. of Service [Doc. 31-2]. On March 11, 2022, this Court scheduled a hearing on Plaintiff's second Motion for Contempt for April 11, 2022. Mar. 11, 2022, Order at 3. The Court also ordered Strowder to serve Defendants at the addresses believed to be Johnson's residence and the place of business for Defendant Dean's Wire for Hire, LLC. Id. at 4. At the April 11, 2022, hearing, counsel for Strowder appeared and indicated that he had complied with this Court's March 11, 2022, Order.

2

A court has the inherent power to enforce compliance with its lawful orders through its civil contempt power. Shillitani v. United States, 384 U.S. 364, 370 (1966); Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir. 1991). A party "in a civil contempt proceeding must establish by clear and convincing evidence that the alleged contemnor violated the court's earlier order." United States v. Roberts, 858 F.2d 698, 700 (11th Cir. 1988) (citation omitted). Once this prima facie showing of a violation is made, the burden then shifts to the alleged contemnor "to produce evidence explaining his noncompliance." Citronelle-Mobile Gathering, Inc., 943 F.2d at 1301; see also Mercer v. Mitchell, 908 F.2d 763, 768 (11th Cir. 1990). Once a court finds a party in contempt of an order, the court may utilize its civil contempt power to impose sanctions on the contemnor. See Mercer, 908 F.2d at 768. Sanctions imposed may be compensatory or coercive, but cannot be used to impose a punishment on a contemnor. See Sec. & Exch. Comm'n v. Pension Fund of Am., No. 10-10464, 2010 WL 3582429, at *5-6 (11th Cir. Sept. 15, 2010) (vacating sanctions against a contemnor for failing to attend a show cause hearing because the sanctions were criminal in nature).

Defendants failed to appear either personally or through counsel at the April 11, 2022, hearing, and Defendants have failed to comply with, or respond in any

3

way to, the Court's May 28, 2021, Order. Accordingly, Plaintiff's second Motion for Contempt [Doc. 31] is **GRANTED**. Defendants are hereby **ORDERED** to respond to Plaintiff's post-judgment discovery in compliance with this Court's May 28, 2021, Order. Defendants are further **ORDERED** to pay a civil penalty of $100.00 for each day following the date of this Order that they fail to comply with this Court's Order.

It is further **ORDERED** that Plaintiff shall personally serve Defendant Johnson with a copy of this Order at the following addresses: 6202 Valley Green Road, Lithonia, Georgia, 30058, and 3939 LaVista Road, Suite E328, Tucker, Georgia, 30084.

The Clerk is **DIRECTED** to mail a copy of this Order to Saladine Johnson and Dean's Wire for Hire, LLC at the following addresses: 6202 Valley Green Road, Lithonia, Georgia, 30058, and 3939 LaVista Road, Suite E328, Tucker, Georgia, 30084.

**IT IS SO ORDERED** this 11th day of April, 2022.

_____
MARK H. COHEN
United States District Judge